```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF SOUTH CAROLINA
                   ANDERSON/GREENWOOD DIVISION
```

John Michael McMahan and            )
Theresa McMahan,                    )
                                    )
                Plaintiffs,         )   C.A. No. 8:07-142-HMH
                                    )
        vs.                         )
                                    )   **OPINION & ORDER**
Allstate Insurance Co.,             )
                                    )
                Defendant.          )

This matter is before the court on Allstate Insurance Company's ("Allstate") motion to dismiss John Michael McMahan and Theresa McMahan's (collectively "Plaintiffs") complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After review, the court denies the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 28, 2004, John McMahan was permissibly driving a motorcycle owned by Robert McGill, when an automobile pulled out from a side road and struck the motorcycle. (Compl. ¶ 5; Pl.'s Mem. Opp'n Mot. Dismiss 1.) Theresa McMahan was a passenger on the motorcycle at the time of the collision. (Compl. ¶ 5.) The Plaintiffs allege that they suffered serious and permanent injuries as a result of the collision. (Def.'s Mem. Supp. Mot. Dismiss 2.) The Plaintiffs filed lawsuits, which are still pending, against the driver of the automobile in the Anderson County Court of Common Pleas in Anderson, South Carolina. (Id.) However, the Plaintiffs allege that their claims exceed the liability coverage available under the automobile driver's policy. (Id.) Accordingly, the Plaintiffs filed the instant complaint

1

against Allstate, alleging that an automobile liability insurance policy purchased by John McMahan ("Allstate Policy") provides underinsured motorist coverage for the Plaintiffs' injuries. (Compl. ¶¶ 4-6.) The parties agree that the Allstate Policy, as written, does not provide for UIM coverage. (Id. ¶ 4.) However, the Plaintiffs allege that Allstate did not make a meaningful offer of UIM coverage, as required by S.C. Code Ann. § 38-77-160, because Allstate's agent, rather than John McMahan, filled in the blanks on the form rejecting UIM coverage, in violation of S.C. Code Ann. § 38-77-350. (Id.; Pl.'s Mem. Opp'n Mot. Dismiss 3.) Thus, the Plaintiffs argue that the Allstate policy should be reformed to provide UIM coverage equal to the policy's liability coverage. (Compl. ¶ 4.) In addition, the Plaintiffs allege that Allstate breached the Allstate Policy and acted in bad faith by refusing to provide UIM coverage "with full knowledge" that Allstate did not give John McMahan a meaningful offer of UIM coverage. (Id. ¶ 6.)

On December 6, 2006, Plaintiffs filed suit in the Abbeville County, South Carolina, Court of Common Pleas against Allstate for reformation of the Allstate Policy, breach of contract, and breach of the implied covenant of good faith and fair dealing. On January 16, 2007, Allstate removed the action to this court.

## II. DISCUSSION OF THE LAW

In federal court, a Plaintiff must make only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is proper "only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle [him] to relief." Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). Furthermore, the court must treat the factual

2

allegations of the nonmoving party as true.  See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

### A. Breach of Contract Claim

Allstate moves to dismiss Plaintiffs' complaint on the grounds that the insurance contract the Plaintiffs entered into with Allstate did not have a provision for underinsured motorist ("UIM") coverage.  (Def.'s Mem. Supp. Mot. Dismiss 3.)  Thus, Allstate argues that as there was no contract for UIM coverage, and the Plaintiffs have not sought to have the Allstate Policy reformed to include UIM coverage, the Plaintiffs cannot assert a claim for breach of contract based on Allstate's failure to provide UIM coverage.  (Id. 2, 4.)

Contrary to Allstate's assertion, the complaint does seek to have the Allstate Policy reformed to provide UIM coverage.  (Compl. ¶ 4.)  In addition, the Plaintiffs allege that Allstate breached the Allstate Policy by failing to provide UIM coverage to the Plaintiffs despite Allstate's knowledge that John McMahan did not receive a meaningful offer of insurance.  (Id. ¶ 6.)  In support of this claim, the Plaintiffs argue that by operation of law, the requirements of South Carolina's UIM statute, S.C. Code Ann. § 38-77-160, become a part of every automobile insurance policy in the state.  See Burgess v. Nationwide Mut. Ins. Co., 603 S.E.2d 861, 867 (S.C. Ct. App. 2004).  Accordingly, the Plaintiffs allege that Allstate's failure to comply with the terms of S.C. Code Ann. § 38-77-160 constituted a breach of contract.  The court finds that at this stage, the Plaintiffs' allegations supporting the breach of contract claim are sufficient to overcome Allstate's motion to dismiss.

### B. Implied Warranty of Good Faith and Fair Dealing

Additionally, Allstate argues that as a matter of law, Allstate cannot have breached the

implied covenant of good faith and fair dealing by failing to timely pay UIM benefits when no contract for UIM benefits existed. (Def.'s Mem. Supp. Mot. Dismiss 6.) Accordingly, Allstate moves to dismiss the Plaintiffs' claim for breach of the implied warranty of good faith and fair dealing. (Id. 6-7.)

The Plaintiffs allege that under the circumstances, Allstate's unreasonable failure to pay UIM benefits constituted a breach of the implied warranty of good faith and fair dealing. (Compl. ¶ 10.) The Plaintiffs correctly note that in South Carolina, "an insured may bring an action against his carrier based on the breach of the carrier's duty to act in good faith, even if the carrier has not breached some express provision of the insurance contract." Myers v. State Farm Mut. Auto. Ins. Co., 950 F. Supp. 148, 150 (D.S.C. 1997). Therefore, the court cannot say that the Plaintiffs can prove no set of facts to support their claim of breach of the implied warranty of good faith and fair dealing.

Based on the foregoing, the court finds that at this stage, Plaintiffs' allegations are sufficient to overcome Allstate's motion to dismiss. Therefore, Allstate's motion to dismiss is denied.

It is therefore

**ORDERED** that Allstate's motion to dismiss, docket no. 5, is denied.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
February 7, 2007